# FIRST DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

———————————————

No. 1D2025-3181

———————————————

PHILLIP MILLER,

    Appellant,

    v.

WEISER SECURITY SERVICES,
INC.,

    Appellee.

———————————————

On appeal from the Circuit Court for Escambia County.
Jan Shackelford, Judge.

July 8, 2026

PER CURIAM.

Phillip Miller appeals a nonfinal order granting a motion to compel arbitration of Miller's employment discrimination claim against Weiser Security Services, Inc. *See* Fla. R. App. P. 9.130(a)(3)(I). Weiser argued that the arbitration provision in the parties' employment agreement required Miller's dispute to be arbitrated under the Federal Arbitration Act (FAA). *See* 9 U.S.C. § 2.

Miller disagreed and argued that, as a port security worker, he fell under the FAA's exemption for transportation workers engaged in foreign or interstate commerce. *See id.* In opposing the motion to compel arbitration, Miller submitted a declaration

describing his job responsibilities at the port. After hearing argument from counsel, the trial court granted the motion to compel arbitration. The court concluded that Miller's declaration did not show that his work as a port security officer established a sufficiently direct, necessary, and active role in transporting goods in interstate commerce.

We affirm the trial court's order because Miller failed to show that he qualified for the exemption for transportation workers under § 1 of the FAA. *See Shearson/Am. Express, Inc. v. McMahon*, 482 U.S. 220, 227 (1987) ("The burden is on the party opposing arbitration . . . to show that Congress intended to preclude a waiver of judicial remedies for the statutory rights at issue."); *see also Sw. Airlines Co. v. Saxon*, 596 U.S. 450, 458 (2022) (explaining that to qualify for the transportation worker exemption under § 1 of the FAA, the worker "must at least play a direct and 'necessary role in the free flow of goods' across borders" or, "[p]ut another way, transportation workers must be actively 'engaged in transportation' of those goods across borders via the channels of foreign or interstate commerce" (quoting *Cir. City Stores, Inc. v. Adams*, 532 U.S. 105, 121 (2001))); *Bissonnette v. LePage Bakeries Park St., LLC*, 601 U.S. 246, 256 (2024) ("Any exempt worker 'must at least play a direct and "necessary role in the free flow of goods" across borders.'") (citation modified)); *Flowers Foods, Inc. v. Brock*, 146 S. Ct. 1358, 1365 (2026) (affirming that "the phrase 'engaged in' interstate commerce in § 1 denotes a 'direct,' 'necessary,' and 'activ[e]' role in moving goods across borders" (quoting *Saxon*, 596 U.S. at 458)).

AFFIRMED.

LEWIS, ROWE, and RAY, JJ., concur.

---

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

---

2

G. Ware Cornell, Jr. of Cornell & Associates, P.A., Weston, for Appellant.

Ryan M. Barnett of Whibbs Stone Barnett Turner, P.A., Pensacola, for Appellee.